# EXHIBIT A

12/15/15 @ 248p

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
MANAGEMENT & TRAINING CORPORATION, a corporation, and DOES 1 through 100, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
JESSE CHAVARRIA, an individual



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
DEC 10 2015
SUPERIOR COURT
COUNTY OF IMPERIAL
TAMMY L. GRIMM, CLERK
BY ARMANDO VELASCO, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Imperial County Superior Court, El Centro Courthouse
939 West Main Street
El Centro, CA 92243

CASE NUMBER:
(Número del Caso): ECU09023

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Stillwell Law Office, P.C. - Geniene B. Stillwell, Freda Tjoarman      Telephone No.: 949-494-4744
384 Forest Avenue, Suite 23b, Laguna Beach, CA 92651        TAMMY L. GRIMM Fax No.: 949-494-4734

DATE: DEC 10 2015          Clerk, by A. VELASCO, Deputy
(Fecha)              (Secretario)          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Management & Training Corporation, a corporation
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

```
GENIENE B. STILLWELL, SBN 138323
FREDA TJOARMAN, SBN 285995
STILLWELL LAW OFFICE, P.C.
384 Forest Avenue, Suite 23b
Laguna Beach, CA 92651
Telephone: (949) 494-4744
Facsimile: (949) 494-4734

Attorneys for PLAINTIFF JESSE CHAVARRIA
```

ENDORSED
DEC 10 2015
SUPERIOR COURT
COUNTY OF IMPERIAL
TAMMY L. GRIMM, CLERK
BY ARMANDO VELASCO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF IMPERIAL

EL CENTRO COURTHOUSE

Assigned for all purposes to Judge
L. BROOKS ANDERHOLT
including trial

| | |
|---|---|
| JESSE CHAVARRIA, an individual, Plaintiff, v. MANAGEMENT & TRAINING CORPORATION, a corporation, and DOES 1 through 100, inclusive, Defendants. | CASE NO. ECU09023<br><br>COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Jesse Chavarria ("Plaintiff") alleges for claims against Defendant Management & Training Corporation ("Defendant," the "Company," or "MTC"), and Does 1 through 100, inclusive, (collectively, "Defendants") as follows:

THE PARTIES

1. Plaintiff is informed, believes, and thereon alleges that Defendant Management & Training Corporation is a corporation, which conducts business in the State of California, County of Imperial, where Plaintiff worked and where the events alleged in this Complaint occurred.

2. Defendant DOES 1 through 100 are Defendants whose identities are currently unknown to Plaintiff but who are responsible, in whole or part, for the damages suffered by Plaintiff, who alleges on information and belief that Does 1 through 100 acted jointly with the other named Defendants and are jointly and severally liable for the damages asserted herein. Plaintiff will amend

COMPLAINT

this Complaint to insert the true names of the fictitiously named Doe Defendants when he learns of the same.

3. Plaintiff is an individual who was employed in the State of California, County of Imperial at all relevant times.

## GENERAL ALLEGATIONS

4. Plaintiff worked at Defendant's Imperial Regional Detention Facility as a detention officer. In or around March 2013, he sustained an injury to his left pectoralis muscle. He sought medical care from his prior employer's (Defendant's predecessor) doctor. However, that doctor did not properly diagnose the injury, and he kept working without restrictions. Plaintiff subsequently consulted an orthopedic specialist who properly diagnosed Plaintiff as having a partial tear in his pectoralis muscle and put him off work in February 2015 in order to allow the tear to heal with rest and physical therapy.

5. Defendant approved Plaintiff's leave through September 15, 2015. That same day, Plaintiff's doctor released Plaintiff to return to work with the restriction of "no repetitive or forceful pushing/pulling with left arm." Plaintiff delivered his doctor's note to Defendant's Human Resources Manager, Brandi Haley, that same day, and Ms. Haley stated that she needed to discuss the work restrictions with the Warden. Ms. Haley also asked if Plaintiff wanted to put in his resignation, which he declined to do.

6. On October 7, 2015, Defendant sent Plaintiff a letter stating that his request to extend his leave of absence indefinitely was denied. This was an odd statement in that Plaintiff never requested an indefinite leave of absence. Defendant further stated in a conclusory fashion that Plaintiff is no longer able to perform the essential functions of his position with or without accommodation. Defendant made this statement even though it had made no effort whatsoever to discuss with Plaintiff possible accommodations.

7. Plaintiff responded to Defendant's October 7, 2015 letter on October 13, 2015 and made clear that he did not want to resign from MTC. He further disputed Defendant's assertion that he was unable to perform his job as a detention officer, or another job with Defendant, with or without accommodation. Again, Defendant made no effort to discuss with Plaintiff possible

2
COMPLAINT

1  accommodations.

2  8. On October 28, 2015, in response to Plaintiff's letter and request to return to work, Defendant sent Plaintiff a letter stating that Defendant had "reviewed all vacancies at the facility to determine whether [Plaintiff] could be moved into an alternative position. There were no positions for which [Plaintiff was] qualified that [Plaintiff] could perform with or without reasonable accommodation." Defendant accordingly terminated Plaintiff's employment in the same letter.

9. Notably, Defendant has accommodated others in situations similar to Plaintiff's in the past and presently. These accommodations provided by Defendant for other employees clearly evidence that accommodations are possible and reasonable for employees in Plaintiff's position, that Plaintiff could have performed his or another position with reasonable accommodations, that other positions existed for Plaintiff to transfer into, and Defendant's excuse that there were no positions available to Plaintiff is false. To the contrary, Defendant simply did not want to provide Plaintiff with any accommodations, and instead of engaging with Plaintiff in the interactive process to determine what job or job functions Plaintiff could perform with or without reasonable accommodations, Defendant terminated Plaintiff the moment it saw that his doctor had released him to return to work with restrictions.

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA
## AGAINST ALL DEFENDANTS

10. Plaintiff hereby incorporates paragraphs 1 through 9, above, as though fully set forth herein.

11. During his employment with Defendants, Plaintiff suffered from an actual or perceived physical disability, protected under the California Fair Employment and Housing Act ("FEHA"), in the form of a torn pectoralis muscle. Cal. Gov't Code § 12926(k); Cal. Code Regs. tit. 2, § 7293.6. Plaintiff is informed, believes, and thereon alleges that Defendants participated in a discriminatory course of conduct directed against Plaintiff in his employment, in whole or in part, because of his actual or perceived disability.

12. Defendants' discriminatory course of conduct consisted, among other things, of

1  refusing to accommodate Plaintiff's disability, refusing to engage with him in the interactive process
2  to determine what job or job functions Plaintiff could perform with or without reasonable
3  accommodations, refusing to transfer Plaintiff into an alternate position, refusing to reinstate Plaintiff
4  to his position after returning from medical leave, retaliating against him for exercising his right to
5  take medical leave, and terminating his employment, acts which were motivated, in whole or in part,
6  by a discriminatory animus toward Plaintiff because of his actual or perceived physical disability, in
7  violation of the FEHA.

8  13.  Plaintiff has exhausted his administrative remedies under the California Government
9  Code by filing a complaint with the California Department of Fair Employment and Housing and
10 receiving his right to sue notice.

11 14.  Plaintiff has suffered damages from Defendants' discriminatory treatment of him. The
12 exact amount of said damages is unknown, but will be proven at trial. Plaintiff will also seek and be
13 entitled to recover his attorneys' fees, expert fees, and costs under the FEHA. Cal. Gov't Code §
14 12965(b).

15 15.  Defendants' discrimination against Plaintiff was fraudulent, malicious, and/or
16 oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California
17 Government Code Section 3294.

**SECOND CAUSE OF ACTION**

**FAILURE TO REASONABLY ACCOMMODATE PLAINTIFF'S DISABILITY**

**IN VIOLATON OF THE FEHA**

**AGAINST ALL DEFENDANTS**

22 16.  Plaintiff hereby incorporates paragraphs 1 through 15, above, as though fully set forth
23 herein.

24 17.  During his employment with Defendants, Plaintiff suffered from an actual or
25 perceived disability, protected under the FEHA, in the form of a torn pectoralis muscle. Cal. Gov't
26 Code § 12926(k); Cal. Code Regs. tit. 2, § 7293.6. Defendants refused to reasonably accommodate
27 Plaintiff's actual or perceived disability, in violation of the FEHA. Cal. Gov't Code § 12940(m); Cal.
28 Code Regs. tit. 2, § 7293.9.

4

COMPLAINT

18. Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving his right to sue notice.

19. Plaintiff has suffered damages from Defendants' failure to reasonably accommodate his disability. The exact amount of said damages is unknown, but will be proven at trial. Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs under the FEHA. Cal. Gov't Code § 12965(b).

20. Defendants' failure to reasonably accommodate Plaintiff's disability was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

## THIRD CAUSE OF ACTION
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
## IN VIOLATON OF THE FEHA
## AGAINST ALL DEFENDANTS

21. Plaintiff hereby incorporates paragraphs 1 through 20, above, as though fully set forth herein.

22. On September 15, 2015, Plaintiff's doctor released Plaintiff to return to work with minor restrictions. Plaintiff requested a reasonable accommodation to allow him to continue to work for Defendants in a reasonable manner. Defendants ignored his request and failed and refused to discuss the matter with him, much less offer any sort of accommodation. Instead of engaging in a timely, good faith, interactive process with Plaintiff to determine possible accommodations, Defendants impermissibly asked Plaintiff if he wanted to resign, stated in a conclusory fashion that he is no longer able to perform the essential functions of his job with or without accommodation, even though it had made no effort whatsoever to discuss with him possible accommodations, and falsely stated that there were no positions available to Plaintiff despite offering similar accommodations to other employees. Defendants violated the provisions of Section 12940(n) of the Government Code, and Code of Regulations by failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations despite Defendants'

knowledge of his actual and/or perceived disability.

23. Because of Defendants' failure to engage in the interactive process in a timely, good faith manner, and their refusal to provide reasonable accommodation, Plaintiff's employment with Defendant was terminated.

24. Plaintiff has suffered damages from Defendants' failure to engage in the interactive process in a timely, good faith manner, failure to reasonably accommodate his disability, and termination of his employment, including lost past and future wages and benefits, emotional distress, and other general damages. The exact amount of said damages is unknown, but will be proven at trial. Additionally, Plaintiff will be entitled to recover his attorneys' fees, expert fees, and costs under FEHA and seeks the same.

25. Additionally, Defendants' conduct was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

## FOURTH CAUSE OF ACTION
## INTERFERENCE WITH CFRA RIGHTS
## AGAINST ALL DEFENDANTS

26. Plaintiff hereby incorporates paragraphs 1 through 25, above, as though fully set forth herein.

27. Under the CFRA, it is unlawful "for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under [the CFRA]." Cal. Gov't Code § 12945.2(t).

28. Plaintiff exercised his CFRA rights and went on CFRA leave. His leave was approved through September 15, 2015 when his doctor released him to return to work with minor restrictions. Upon expiration of his medical leave, Defendants terminated Plaintiff's employment and refused to reinstate him to his former position. Defendants' conduct violated and interfered with Plaintiff's exercise of his CFRA rights. Cal. Gov't Code § 12945.2(t).

29. Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and

6

COMPLAINT

1 | receiving his right to sue notice.

30. Plaintiff has suffered damages from Defendants' interference with his rights under the CFRA, including damages for lost wages and benefits, emotional distress, and other general damages. The exact amount of said damages is unknown, but will be proven at trial. Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs under the FEHA. Cal. Gov't Code § 12965(b).

31. Defendants' conduct was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

## FIFTH CAUSE OF ACTION
## VIOLATION OF CFRA RIGHTS—RETALIATION
## AGAINST ALL DEFENDANTS

32. Plaintiff hereby incorporates paragraphs 1 through 31, above, as though fully set forth herein.

33. Employers are prohibited from retaliating against an employee who has taken leave for a serious health condition protected by the CFRA. Gov. Code, § 12945.2(l).

34. Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully retaliated against him for exercising his right to CFRA leave, in violation of the CFRA, by impermissibly asking Plaintiff if he wanted to resign upon his return from medical leave, refusing to reinstate him to his former position upon expiration of his medical leave, and terminating his employment. Plaintiff is informed, believes, and thereon alleges that his CFRA leave was a motivating factor in Defendants' decision to terminate his employment.

35. Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving her right to sue notice.

36. Plaintiff has suffered damages from Defendants' violation of the CFRA, including damages for lost wages and benefits, emotional distress, and other general damages. The exact amount of said damages is unknown, but will be proven at trial. Plaintiff will also seek and be

1  entitled to recover his attorneys' fees, expert fees, and costs under the FEHA. Cal. Gov't Code § 12965(b).

2  37. Defendants' conduct was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CFRA RIGHTS—FAILURE TO REINSTATE

## AGAINST ALL DEFENDANTS

38. Plaintiff hereby incorporates paragraphs 1 through 37, above, as though fully set forth herein.

39. Under the CFRA, an employer must provide the employee with "a guarantee of employment in the same or a comparable position upon the termination of the leave." Cal. Gov't Code § 12945.2(a). "It is an unlawful employment practice for an employer, after granting a requested CFRA leave, to refuse to honor its guarantee of reinstatement to the same or a comparable position at the end of the leave, unless" the employee's employment would have ceased "if the employee had been continuously employed during the CFRA leave period." Cal. Code Regs. tit. 2, § 7297.2(a),(c)(1). "'Employment in the same position' means employment in, or reinstatement to, the original position which the employee held prior to taking a CFRA leave." Cal. Code Regs. tit. 2, § 7297.0(f). "'Employment in a comparable position' means employment in a position which is virtually identical to the employee's original position in terms of pay, benefits, and working conditions, including privileges, perquisites and status." Cal. Code Regs. tit. 2, § 7297.0(g).

40. Defendants violated Plaintiff's right to reinstatement under the CFRA by impermissibly asking Plaintiff if he wanted to resign upon his return from medical leave, refusing to reinstate him to his former position, or a comparable position, at the end of his medical leave, and terminating his employment.

41. Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving his right to sue notice.

42. Plaintiff has suffered damages from Defendants' violation of the CFRA, including damages for lost wages and benefits, emotional distress, and other general damages. The exact amount of said damages is unknown, but will be proven at trial. Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs under the FEHA. Cal. Gov't Code § 12965(b).

43. Defendants' conduct was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## AGAINST ALL DEFENDANTS

44. Plaintiff hereby incorporates paragraphs 1 through 43, above, as though fully set forth herein.

45. Plaintiff's approved medical leave expired on or around the end of September 15, 2015 and he was released to return to work by his doctor on the same day with minor restrictions. As soon as Defendant saw that his doctor had released him to return to work with restrictions, Defendant impermissibly asked Plaintiff if he wanted to resign, refused to engage with him in the interactive process to determine possible accommodations, refused to accommodate his disability, refused to reinstate him to his former position, or a comparable position, and terminated his employment. Plaintiff is informed, believes, and thereon alleges that Defendants' termination of Plaintiff was motivated, in whole or in part, by his exercising his right to take medical leave and/or by a discriminatory animus toward Plaintiff because of his actual or perceived physical disability. Plaintiff's termination violated, among other things, the substantial and fundamental public policies embodied in the FEHA and the CFRA, including, but not limited to, the public policies that prohibit discrimination on the basis of disability, and protect employees for exercising their right to take medical leave.

46. Plaintiff has suffered damages from Defendants' wrongful termination of his employment, including lost past and future wages and benefits, emotional distress, and other general

damages. The exact amount of said damages is unknown, but will be proven at trial.

47. Defendants' discriminatory and retaliatory termination of Plaintiff's employment was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

## EIGHTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

48. Plaintiff hereby incorporates paragraphs 1 through 47, above, as though fully set forth herein.

49. Defendants' conduct, as described above, was extreme and outrageous, and Defendants engaged in said conduct with intent to cause Plaintiff severe emotional distress or with reckless disregard for consequently causing Plaintiff severe emotional distress. As a result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer severe emotional distress.

50. Accordingly, Plaintiff will be entitled to recover compensatory damages for his severe emotional distress, shock, mental anguish, and apprehension, as well as any loss of earnings or earning capacity that results therefrom.

51. Defendants' conduct was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

WHEREFORE, Plaintiff prays:

1. For general damages according to proof;
2. For special damages according to proof;
3. For past and future lost wages, compensation, and benefits;
4. For emotional distress damages;
5. For unpaid wages;
6. For interest;
7. For expert witness fees;

8.  For attorneys' fees;
9.  For costs of suit;
10. For civil and statutory penalties;
11. For punitive damages; and
12. For such other and further relief as may be appropriate.

DATED: December 9, 2015

STILLWELL LAW OFFICE, P.C.
GENIENE B. STILLWELL, SBN 138323
FREDA TJOARMAN, SBN 285995

By: _____
Geniene B. Stillwell

Attorneys for PLAINTIFF JESSE CHAVARRIA

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims in his Complaint.

DATED: December 9, 2015

STILLWELL LAW OFFICE, P.C.
GENIENE B. STILLWELL, SBN 138323
FREDA TJOARMAN, SBN 285995

By: _____
Geniene B. Stillwell

Attorneys for PLAINTIFF JESSE CHAVARRIA

11

COMPLAINT