# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE CHAVARRIA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MANAGEMENT & TRAINING CORPORATION, a corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:16-cv-00617-H-RBB<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE**<br><br>[Doc. No. 31] |

On December 10, 2015, Plaintiff Jesse Chavarria ("Plaintiff") filed an action in the California Imperial County Superior Court against Defendant Management & Training Corporation ("Defendant"). (Doc. No. 1-2 at 3.) On March 10, 2016, Defendant removed the case to the Federal Court for the Southern District of California and filed an answer. (Doc. Nos. 1, 2.) On April 17, 2017, Plaintiff filed a motion to exclude Defendant's expert witnesses. (Doc. No. 31.) Defendant filed an opposition to Plaintiff's motion on May 16, 2017. (Doc. No. 35.) Plaintiff filed a reply to Defendant's opposition on May 26, 2017. (Doc. No. 39.) On June 5, 2017, the Court held a hearing on the motion to strike. Attorneys Geniene B. Stillwell and Freda Tjoarman appeared on behalf of Plaintiff. Attorney Serafin H. Tagarao appeared on behalf of Defendant.

///

Plaintiff moves to exclude Defendant's three expert witnesses pursuant to Federal Rule of Civil Procedure 37 because Defendant failed to comply with the disclosure requirements of Federal Rule of Civil Procedure 26, as well as the Court's scheduling order. (Doc. No. 31-1 at 9-10.) As part of their initial disclosures, Federal Rule of Civil Procedure 26(2) requires parties to disclose any expert witnesses, along with an expert report including the information detailed in Rule 26(a)(2)(B)(i)-(vi). Parties are to make these initial disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

Plaintiff argues that Defendant's three expert witnesses, Edward L. Bennett, James E. Rosenberg, and Jennie McNulty, should be excluded because Defendant failed to properly disclose these witnesses. Plaintiff claims Defendant failed to timely designate any of the witnesses, failed to provide timely reports, and failed to make the witnesses available for deposition. (Doc. No. 31-1 at 5-6.)

In its opposition brief, Defendant does not contest that it failed to timely designate its experts or provide the experts' reports. Defendant argues, however, that Plaintiff has not been prejudiced by the delay and any prejudice can be cured. (Doc. No. 35 at 4.) Defendant claims it provided Plaintiff with Dr. Bennett's expert report on April 20, 2017, after the motion to strike had been filed. (Id.)

At the hearing, Plaintiff's counsel acknowledged it received Dr. Bennett's report but had not yet deposed him. Defense counsel agreed to make Dr. Bennett available for deposition and to pay the fees and expert costs related to the deposition. As Defendant will bear the cost of the late deposition, and there is still sufficient time before trial, the Court finds that the delay as to Dr. Bennett is harmless and denies Plaintiff's request to strike him. Defendant is to bear the fees and expert costs of deposing Dr. Bennett.
///

Plaintiff shall supplement its disclosures regarding rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D)(ii) by June 26, 2017. All expert discovery shall be completed by the parties by the Pretrial Conference, now scheduled for July 24, 2017.

As for the remaining experts, James E. Rosenberg and Jennie McNulty, Plaintiff has received no expert reports, nor any indication of when they will be forthcoming. At the hearing, defense counsel agreed to strike these witnesses. As such, the Court grants Plaintiff's motion as to expert witnesses James E. Rosenberg and Jennie McNulty and excludes their testimony pursuant the Federal Rule of Civil Procedure 37.

Plaintiff separately seeks to exclude the Defendant's experts' testimony on the ground there are insufficient under Federal Rule of Evidence 702. Federal Rule of Evidence 702 allows expert testimony when "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." The district court acts as a gatekeeper to assure the reliability of this expert testimony. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993). The court's inquiry under Rule 702 must be flexible and accounts for the "nature of the issue, the expert's particular expertise, and the subject of his testimony." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). Whether to admit or exclude expert testimony under Rule 702 is left to the district court's discretion. Id. at 152. Exercising its discretion, the Court finds that Dr. Bennett's testimony would be helpful to the trier of fact and rests on a reliable foundation. As such, the Court' rejects Plaintiff's argument under Fed. R. Evid. 702.

**IT IS SO ORDERED.**

DATED: June 5, 2016

_____
Hon. Marilyn L. Huff
United States District Judge